RAYMOND J. AND DARLENE MERRITT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Merritt v. Commissioner
Docket No. 1487-93
United States Tax Court
T.C. Memo 1995-44; 1995 Tax Ct. Memo LEXIS 49; 69 T.C.M. (CCH) 1779; January 30, 1995, Filed *49 Decision will be entered under Rule 155. P worked as a "cutter" in the Black Hills National Forest during his 1988 and 1989 taxable years. Each day, P transported himself and his cutting equipment from his residence to the first cutting site of the day within the forest, between cutting sites in the forest, and from the last cutting site back to his residence. P deducted the full cost of transporting himself and his equipment both from and to his residence as well as between cutting sites within the forest. R disallowed, as nondeductible commuting expenses, the portion of P's costs incurred in traveling from and to P's residence. Held: P is allowed to deduct the full cost of transporting himself and his equipment from his residence to the first work site of the day in the forest and from the last work site back to his residence. Walker v. Commissioner, 101 T.C. 537 (1993), followed. Raymond J. Merritt and Darlene Merritt, pro se. For respondent: Michael W. Lloyd. NIMS
NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1988 and 1989 in the amounts of $ 1,613 and *50 $ 995, respectively. Respondent also asserted additions to tax under sections 6653(a)(1) and 6662(a) in the amounts of $ 81 and $ 120 for 1988 and 1989, respectively. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues remaining for decision are: (1) Whether petitioners are entitled to deduct the costs incurred by Raymond J. Merritt in driving from his residence to his first work site in the Black Hills National Forest (Forest) and from his last work site of the day back to his residence. (2) Whether petitioners are entitled to deduct the cost of certain supplies and repairs. (3) Whether certain income reported by petitioners as income from equipment rental on their Schedule E should be recharacterized as income appropriately belonging on a Schedule C. Additionally, respondent determined that petitioners were liable for increased self-employment tax. This determination is computational, depending upon our resolution of the issues that affect the amount of petitioners' self-employed income. On brief, respondent *51 conceded the additions to tax under sections 6653(a)(1) and 6662(a) for 1988 and 1989, respectively. Petitioners are Raymond J. Merritt (petitioner) and Darlene Merritt, husband and wife. At the time that petitioners filed their petition, they resided in Deadwood, South Dakota. All the facts have been stipulated and are found accordingly. The stipulations of facts and the attached exhibits are incorporated herein by this reference. During 1988 and 1989, petitioner earned a living by cutting timber, under various contracts, at multiple locations in the Forest. At all relevant times, petitioners resided in a house located in Central City, South Dakota. On average, petitioner spent five days per week, seven hours per day, performing cutting services in the Forest. Additionally, petitioner averaged four hours per week performing various tasks at his residence related to his cutting services, including but not limited to: (1) Record keeping, (2) equipment maintenance, and (3) telephone communication. Petitioner stored and maintained his cutting equipment in a double stall garage located appurtenant to the house. Petitioner owned the equipment which consisted of primarily chain *52 saws and safety gear. During the years in issue, petitioner performed timber cutting services under contracts with Quaschnick Logging and Tracy McManigal at five different sites within the Forest. Each day, petitioner used a Dodge pick-up truck to travel and transport his equipment: (1) From his residence to the first cutting site, (2) between cutting sites, and (3) from the last cutting site back to his residence. For 1988 and 1989, petitioner deducted, on a Schedule C, $ 3,210, the entire cost of using his truck to travel and transport equipment both to and from his residence and between the various work sites. Respondent allowed $ 1,132, the cost of using the truck between various work sites during the day, but disallowed $ 2,078, the costs associated with traveling from and to petitioner's house at the beginning and end of each day. Respondent has since conceded $ 288 of the disallowed driving expenses because this amount represents the additional cost incurred by petitioner in having to haul his cutting equipment. Additionally, on a Schedule C, petitioners claimed $ 3,363 for 1988 and $ 3,113 for 1989 for various supplies' and repairs' expenses incurred in the performance *53 of petitioner's timber services. For 1988 and 1989, respondent disallowed $ 2,538 and $ 2,143, respectively, of these claimed expenses, for which petitioners did not maintain any records or receipts. In 1988, petitioners reported, on a Schedule E, equipment rental income from the renting of saws in the amount of $ 5,490. A Form 1099-MISC, issued by Quaschnick Logging but not submitted with petitioners' 1988 return, disclosed a rental payment in the amount of $ 5,490. Respondent recharacterized the entire $ 5,490 as income from cutting services appropriately belonging on petitioners' Schedule C. Regarding petitioner's expense of driving from his residence to the first cutting site of the day and from the last cutting site to his residence, we decided this issue in favor of the taxpayers, on almost identical facts, in Walker v. Commissioner, 101 T.C. 537 (1993). We treated the position of the Commissioner, as stated in Rev. Rul. 90-23, 1990-1 C.B. 28, to be a concession that the taxpayers in that case were entitled to deduct the full amount of similar truck expenses since the taxpayers established that they *54 met the factual requirements of the ruling. Walker v. Commissioner, supra at 550. The same situation prevails here. Since Walker was decided, respondent, in a number of factually indistinguishable cases, has launched an assault on the soundness of our decision in Walker. In all of these cases we resisted respondent's challenge. See Burleson v. Commissioner, T.C. Memo. 1994-130; Nikkila v. Commissioner, T.C. Memo. 1993-628; Boice v. Commissioner, T.C. Memo. 1993-627; Callison v. Commissioner, T.C. Memo. 1993-626; Burleson v. Commissioner, T.C. Memo. 1993-625. Once again, respondent's attempt to persuade us to recant our holding in Walker must fail, for the reasons stated in Walker. We note that on June 30, 1994, respondent in Rev. Rul. 94-47, 1994-29 I.R.B. 6 (July 18, 1994), abandoned the position taken in Rev. Rul. 90-23, supra, and in reliance upon which we decided Walker v. Commissioner, supra, *55 and its progeny. Rev. Rul. 94-47 was published subsequent to the submission and briefing of this case, and we are not inclined to apply it retroactively. See Burleson v. Commissioner, T.C. Memo. 1994-134. Given the fact that this case is factually indistinguishable from Walker and the cases which followed, we find it unnecessary to once again restate our reasoning, and consequently hold for petitioner on this issue. Regarding respondent's disallowance of a portion of petitioners' claimed supplies' and repairs' expenses, petitioners bear the burden of proof that the amounts they claimed were proper. Rule 142(a). Under section 162, a taxpayer may deduct all ordinary and necessary expenses incurred in the carrying on of a trade or business. Section 6001 requires taxpayers to maintain records in order to substantiate deductions claimed on their returns. Petitioners have offered no evidence to substantiate the deductions claimed on their returns relating to supplies' and repairs' expenses incurred in petitioner's timber cutting trade, and, to the extent disallowed by respondent, her determination of these *56 amounts is presumed correct. Regarding petitioners' reporting of rental income in the amount of $ 5,490 on their 1988 Schedule E, "A taxpayer may not determine the nature of his income merely by using a particular form, or by labeling it as he wishes, but must report his income based on the economic realities of the situation." Walker v. Commissioner, supra at 544 (citing Frank Lyon Co. v. United States, 435 U.S. 561 (1978); Upham v. Commissioner, 923 F.2d 1328, 1335 (8th Cir. 1991), affg. T.C. Memo. 1989-253). The record is devoid of any evidence that petitioner rented saws as part of his timber cutting services contracted by Quaschnick Logging. Rather, the record evidences that petitioner owned, transported, maintained, and utilized the saws as part of his timber cutting services. As we held in Wzalker v. Commissioner, supra at 544, under identical circumstances, the income properly belonged on petitioners' Schedule C not their Schedule E. To reflect the foregoing, Decision will be entered under Rule 155.